UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| KYAIRA JUMPER, | **MEMORANDUM AND ORDER** |
| Plaintiff, | 25-CV-4966 (LDH) (JRC) |
| v. | |
| KIARI "OFFSET" CEPHUS, | |
| Defendant. | |

LASHANN DEARCY HALL, United States District Judge:

Kyaira Jumper ("Plaintiff"), proceeding pro se, brings the instant action against defendant Kiari "Offset" Cephus ("Defendant").[1]  Plaintiff's request to proceed in forma pauperis is granted. However, for the reasons discussed below, the Complaint is dismissed with leave to amend.

## BACKGROUND

Plaintiff alleges that Defendant promoted an album that is "named after [Plaintiff]" after Plaintiff sued the State of New Jersey.  (Compl. at 5, ECF No. 1.)  This album, according to Plaintiff, is about Plaintiff and men.  (*Id.* at 6.)  Specifically, Plaintiff alleges that the album is about "Jim Jones publicly [and] disrespectfully belittl[ing] [Plaintiff]."  (*Id.*)

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

---

[1] The Court notes that this is the third complaint Plaintiff has filed in this court in recent months. *See Jumper v. 84th Precinct*, No. 25-CV-4399 (LDH) (JRC); *Jumper v. State of New Jersey*, No. 25-CV-4400 (LDH) (JRC).

1

liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.  In reviewing a pro se complaint, the court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally").

A district court shall dismiss an in forma pauperis action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §§ 1915(e)(2)(B).

## DISCUSSION

Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, a plaintiff is required to "disclose sufficient information to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000) (internal quotation marks omitted); *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. Feb. 15, 2019).  A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice.  *Iqbal,* 556 U.S. 678 (internal citations and alterations omitted).

Here, Plaintiff complains that Defendant "owes her for entitlement" for using her name "for corporate reasons." (Compl. at 5.)  This is because, according to Plaintiff, Defendant promoted an album that was named after Plaintiff.  (*Id.*)  Construing Plaintiff's allegations liberally, it appears Plaintiff seeks to assert a claim for invasion of privacy by virtue of her name

2

and likeness being wrongfully appropriated without her consent.  (*See* Compl.)  However, Plaintiff does not provide any factual information that would suggest her name or likeness was appropriated.  For example, Plaintiff does not explain how the name of the complained of album can be understood to be in reference to Plaintiff, and this notion is not clear from the face of the Complaint.[2]  Instead of explaining this connection, Plaintiff merely purports that the album is "named after [Plaintiff]" and is about her relationship with men.  (*Id.* at 6.)  Because Rule 8(a) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," Plaintiff's claim is dismissed.  *Dettelis v. Sharbaugh*, 919 F.3d 161, 163 (2d Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678).

## LEAVE TO AMEND

In light of this Court's duty to liberally construe pro se complaints, the Court will grant Plaintiff 30 days leave to file any amended complaint, which must comply with Rule 8(a) of the Federal Rules Civil Procedure.  *Cruz v. Gomez*, 202 F.3d 593 (2d Cir. 2000).  For example, Plaintiff must allege factual information in a clear and concise manner that explains what the named defendant did or failed to do, and how those acts or omissions caused Plaintiff injury upon which this Court can grant Plaintiff relief.  When doing so, Plaintiff must also provide the dates and locations for each relevant event.  For example, should Plaintiff seek to assert a claim related to the album referenced in the Complaint, Plaintiff must provide enough information to allow a plausible inference that the complained of album is, in fact, about Plaintiff.  (*See* Compl. at 5.)

---

[2] Although the Complaint could be read to suggest that the name of the album is "Radium," (Compl. at 5), there is not a single allegation in the Complaint that would suggest that the name "Radium" is any way connected to Plaintiff.  (*See* Compl.)

Plaintiff is advised that any amended complaint filed will completely replace, not supplement, the instant Complaint.  As such, any amended complaint must be captioned as an "Amended Complaint" and bear the docket number assigned: 25-cv-4966 (LDH) (JRC). Plaintiff may wish to consult the City Bar Justice Center's Federal Pro Se Legal Assistance Project at (212) 382-4729 for free, limited-scope legal assistance.

### CONCLUSION

The instant Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).  Plaintiff is granted 30 days leave from the date of this Memorandum and Order to file any amended complaint.  No summons shall issue at this time, and all further proceedings shall be STAYED for 30 days.  If Plaintiff fails to amend the complaint within 30 days as directed by this Order, this case shall be dismissed and judgment shall be entered.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. *Coppedge v. United States,* 369 U.S. 438, 444-45 (1962).  The Clerk of Court is respectfully directed to mail a copy of this Memorandum and Order to Plaintiff, along with a civil rights complaint form.

SO ORDERED.

Dated: Brooklyn, New York          /s/ LDH
     May 5, 2026          LASHANN DEARCY HALL
               United States District Judge

4